IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00137-MR

| | |
|---|---|
| JULIUS LAMART HODGES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDY MASSEY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was detained at the Henderson County Detention Center, asserting claims arising from his arrest for stealing and crashing a police vehicle, as well as from his subsequent treatment at the Henderson County Jail (the "Jail"). [Doc. 1].

The sole claim surviving summary judgment is a claim against Lowell S. Griffin, the Sheriff of Henderson County, that the diet Plaintiff received at the Jail for 2½ weeks failed to satisfy his religious requirements. [See Doc. 46]. A jury trial is scheduled to commence on September 13, 2021 at the federal courthouse in Asheville, North Carolina.

The Plaintiff is presently incarcerated at the Prince William County Detention Center in Manassas, Virginia, nearly 450 miles from the Asheville Courthouse; his expected release date is August 25, 2022.[1]

An incarcerated litigant in a § 1983 action does not have an absolute right to be physically present at the trial of his case. Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 112 (4th Cir. 1988). "[I]f securing the prisoner's presence, at his own or public expense, is determined to be infeasible," the court must consider "other reasonably available alternatives." Edwards v. Logan, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) (citing Muhammad, 849 F.2d at 111, 113). In considering other reasonably available alternatives, the Court should consider the following factors:

(1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.

(2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.

(3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim.

---

[1] See https://vadoc.virginia.gov/general-public/offender-locator/ (last visited July 20, 2021).

Id. at 113. This second factor includes the question of whether the Court has jurisdiction to order the law enforcement officials of another state (in this case, Virginia) to deliver the Plaintiff to the Court for trial and/or whether such officials could maintain his detention or incarceration during such trial. "If, after balancing the factors set forth in Muhammad, the court finds that the costs and security concerns posed by the trial are too great, the court has the discretion to try the case without the plaintiff's attendance." Edwards, 38 F. Supp. 2d at 467.

Each party shall, within 14 days of this Order, file a Notice addressing the foregoing factors and proposing the manner in which the case should proceed.[2] The Plaintiff is cautioned that, if he fails to timely file a Notice in accordance with this Order, this case will be dismissed without prejudice and closed without further notice as to him.

**IT IS, THEREFORE, ORDERED** that each party shall file a Notice addressing the factors discussed herein within **fourteen (14) days** of the entry of this Order.

If the Plaintiff fails to timely comply, this case will be dismissed without prejudice and closed without further notice.

---

[2] In his Notice, the Plaintiff specifically should address whether he is able to pay the costs, if any, of any of the alternative(s) that he proposes.

**IT IS SO ORDERED.**

Signed: July 22, 2021

Martin Reidinger
Chief United States District Judge