IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00137-MR

| | |
|---|---|
| JULIUS LAMART HODGES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ANDY MASSEY, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Letter [Doc. 52] that is construed as a Motion to Stay Proceedings.

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Henderson County Detention Center, asserting claims arising from his arrest for stealing and crashing a police vehicle, as well as from his subsequent treatment at the Henderson County Jail (the "Jail"). [Doc. 1].

The sole claim surviving summary judgment is a claim against Lowell S. Griffin, the Sheriff of Henderson County, that the diet Plaintiff received at the Jail for 2½ weeks failed to satisfy his religious requirements. [See Doc. 46]. A jury trial is scheduled to commence on September 13, 2021 at the federal courthouse in Asheville, North Carolina.

As the Plaintiff is presently incarcerated nearly 450 miles away from the Asheville courthouse at the Prince William County Detention Center ("PWDC") in Manassas, Virginia, the parties were ordered to propose the manner in which the case should proceed. [Doc. 51].

The Plaintiff asks the Court to stay the case pending his anticipated release on August 25, 2022. [Doc. 52]. The Defendant asks the Court to conduct a trial via video. In the event that PWDC is unable to accommodate a video trial, the Defendant does not object to staying the case until Plaintiff is released from PWDC. [Docs. 53, 54].

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

The Court determines that judicial economy and an expeditious and comprehensive disposition of this case are best served by holding this case in abeyance pending Plaintiff's release from PWDC. The trial of this matter is therefore continued. The Plaintiff shall file a written Notice with the Court by September 5, 2022 or within 10 days of his release from PWDC, whichever occurs first, informing the Court of his readiness for trial. Should the Plaintiff fail to comply, this action will be dismissed without prejudice for lack of prosecution.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's *pro se* Letter [Doc. 52] is construed as a Motion to Stay Proceedings and is **GRANTED**, and this matter is **STAYED** until the Plaintiff is released from PWDC.

(2) The Notice of Hearing for a jury trial beginning on September 13, 2021 is **VACATED**, and this matter is hereby **CONTINUED**.

(3) The Plaintiff shall file a Notice with the Court no later than September 5, 2022 or within 10 days of his release from PWDC, whichever occurs first, informing the Court of his readiness for trial. His failure to do so will result in this action's dismissal without prejudice for lack of prosecution.

**IT IS SO ORDERED**.

Signed: August 11, 2021

Martin Reidinger
Chief United States District Judge